MARGARET GARNER, Appellee, v. CHEROKEE COUNTY, Appellant.

No. 43698.

JUNE 15, 1937.

Archie R. Nelson, County Attorney, and C. D. Meloy, Special Counsel, for appellant.

Miller, Miller & Miller, for appellee.

SAGER, J.—Plaintiff's cause of action is based on a resolution of the board of supervisors of the defendant county, adopted on January 2, 1935, which provided that plaintiff "be employed for the year 1935 as Overseer of the Poor at a salary of $50.00 per month." Following the adoption of this resolution, plaintiff, without formal or written acceptance, entered upon the discharge of her duties as overseer and continued therein until August, 1935. On August 2, of that year, the board passed a resolution providing "that the term of Mrs. Margaret Garner as Overseer of the Poor of Cherokee County, Iowa, expire September 1st, 1935."

It is claimed by the board of supervisors that the termination of the period for which it was sought to engage the plaintiff was made necessary by the taking over of the relief of the poor by the state authority; that to secure said aid it became necessary that the board submit to agents and agencies selected by the state authorities; and, as a consequence, the board was without discretion with reference to who should take on the duties which theretofore had fallen to the overseer. It is likewise claimed by the board that for two months prior to August 2, plaintiff performed no real services, but was paid for June and July the contract price. It is conceded in the record that plaintiff protested the termination of her employment prior to the end of the year, and that, having failed to find other employment during the unexpired portion of the time, she filed a claim against the county for the accruing $200, which claim was denied by the county; hence this lawsuit.

The case presents a number of interesting questions which we are not called upon to determine, for the reason that the record is wholly barren of exceptions to the rulings complained of. We have so frequently held as to make citation of authority unnecessary now that we cannot review alleged errors where no exceptions are preserved in the record.

At the close of plaintiff's testimony defendant made a motion to direct a verdict, which motion was overruled and an exception noted. Thereafter, however, at the conclusion of all the testimony, the motion was renewed, but this is the whole record as to what happened at that point:

714

"Both parties renew the motion heretofore made at the close of the defendant's testimony and both parties except."

If it be said that the exception is preserved at this point, it will be noticed that the ruling of the court is not set out.

Following the verdict for the plaintiff, defendant filed its motion for a new trial and exceptions to instructions. What action, if any, the trial court took on this motion and exceptions does not appear in the record.

The defendant filed certain exceptions to instructions, but no action of the trial court appears with reference to the disposal of these exceptions. We have examined them, however, and find no error therein in the light of the instructions given by the trial court.

On the same day that the motion for a new trial was filed, defendant filed its motion for judgment notwithstanding the verdict. What happened to this motion is not indicated by the record.

It follows that in this state of the record the judgment of the trial court should be, and it is, affirmed.—Affirmed.

Chief Justice and all Justices concur.